**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2470-17T1

CARLO J. COPPA, SR.,

     Plaintiff-Appellant,

v.

VIVIAN DEMAS, ESQ.,

     Defendant-Respondent.

_____

Submitted February 27, 2019 – Decided August 23, 2019

Before Judges Nugent and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-4085-14.

Carlo J. Coppa, Sr., appellant pro se.

Marshall Dennehey Warner Coleman & Goggin, attorneys for respondent (Howard B. Mankoff and Walter F. Kawalec, on the brief).

PER CURIAM

     Plaintiff, Carlo J. Coppa, Sr., a former attorney and former client of

defendant Vivian Demas, Esq., appeals the summary judgment dismissal of his

legal malpractice complaint. The trial court dismissed his complaint on summary judgment because he did not have an expert report. The court denied his motion to extend the deadline for expert reports and to extend the time to complete discovery. Thereafter, the court denied his motion for reconsideration. Plaintiff appeals. To succeed, he must show the court abused its discretion when it denied his motions to extend discovery and for reconsideration. He has not made the required showing. Hence we affirm.

This action's procedural history is not complicated. Plaintiff filed a legal malpractice complaint in which he alleged he had retained defendant to pursue a medical malpractice claim and she mishandled it. He filed the legal malpractice complaint on November 6, 2014. After the complaint was dismissed and reinstated for reasons not relevant to this appeal, the trial court dismissed the complaint without prejudice on February 3, 2017, due to plaintiff's failure to serve discovery responses. The court reinstated the complaint when plaintiff served them.

In plaintiff's discovery responses, he said he would provide expert reports. When he did not provide them, defendant filed a motion to compel the reports. The trial court granted the motion and issued a September 8, 2017 order that required plaintiff to serve expert reports within twenty days. Plaintiff missed

2

the deadline. Defense counsel granted plaintiff a short extension to serve expert reports. Plaintiff did not serve expert reports, so defendant filed a motion for summary judgment on October 5, 2017. Defendant filed a cross-motion to extend his deadline for serving an expert report and to extend the discovery end date forty-five days. On November 3, 2017, the court filed two orders that granted defendant's motion and denied plaintiff's cross-motion.

In granting defendant's summary judgment motion, the court noted there were no genuine issues of material fact in dispute. The court also noted plaintiff's cause of action was one for professional negligence and he needed an expert to prove his case. Because plaintiff had served no expert report, and because the time for serving expert reports had expired, the court granted the motion.

In his cross-motion to extend the deadlines for serving experts and discovery, plaintiff filed a certification and averred he had missed the deadline for serving expert reports "[d]ue to various issues[.]" He did not elaborate. He further averred he had named an expert, and the expert would serve his report the week of October 30, 2017. In a November 2, 2017 letter the expert sent to plaintiff, the expert said he planned to have the report "ready sometime next week."

Denying the cross-motion, the court explained in a notation on the November 3, 2017 order:

> The application is denied. The movant has continually failed to meet his discovery obligation. In his proposed form of order, he sets forth an overdue date that contravenes a prior court order and in subsequent correspondence makes it clear he is violating his own order because he intends to serve the report the week of 11/6/17. At some point orders have to mean something and dates are not merely suggestions but actual deadlines.

Plaintiff subsequently served an expert report and filed a motion under Rule 4:50-1(f) to vacate the November 3, 2017 orders. On January 9, 2018, the court denied the motion. In a handwritten note on the memorializing order, the court wrote: "Application is denied. Movant has essentially reargued the same set of facts this court took into account in denying the original motion. That is not the standard on a motion for reconsideration. Movant has failed to show original denial was based on palpably incorrect reasoning." This appeal followed.

On appeal, plaintiff argues the trial court erred by not vacating the November 3, 2017 orders under Rule 4:50-1(f). He notes his expert's schedule was beyond his control and emphasizes that cases should be tried on their merits. Defendant responds that the trial court's denial of the motion to vacate the

A-2470-17T1

November orders was not reversible error. She asserts there were no truly exceptional circumstances present to justify the relief plaintiff sought, and no injustice resulted from the denial of plaintiff's motion for relief from the November orders.

Our scope of review of the issues plaintiff raises is narrow. We generally review trial court decisions about whether to extend discovery deadlines, and what sanctions to impose for violation of discovery orders, for abuse of discretion. Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995); Quail v. Shop-Rite Supermarkets, Inc., 455 N.J. Super. 118, 133 (App. Div. 2018); Leitner v. Toms River Reg'l Schs., 392 N.J. Super. 80, 87 (App. Div. 2007). "This deferential approach 'cautions appellate courts not to interfere unless an injustice appears to have been done.'" Quail, 455 N.J. Super. at 133 (quoting Abtrax, 139 N.J. at 517).

We find no abuse of discretion by the trial court in this case. Plaintiff had not provided an expert report with interrogatory answers. The answers themselves had been a long time coming, plaintiff's complaint having been dismissed for failure to timely serve them. Defendant had to move to compel a deadline for plaintiff to serve expert reports so that defendant would have time to evaluate the reports and retain her own expert, if necessary, before the

discovery end date. In view of plaintiff's repeated disregard of the deadlines and the discovery rules, as well as the trial court's discovery order, we find no abuse of discretion on the part of the trial court either in declining to delay the summary judgment motion or in refusing to further extend the court-ordered deadline for plaintiff to submit expert reports.

Plaintiff also argues the court erred by denying his motion for relief from judgment pursuant to Rule 4:50-1(f). The appellate record is not entirely clear whether plaintiff filed a motion for reconsideration under Rule 4:49-2 or a motion for relief from judgment under Rule 4:50-1(f). Regardless, the result is the same.

Our scope of review of a trial court's denial of a motion for reconsideration is governed by an abuse of discretion standard. Davis v. Devereux Found., 414 N.J. Super. 1, 17 (App. Div. 2010) (citing Marinelli v. Mitts & Merrill, 303 N.J. Super 61, 77 (App. Div. 1997)). Reconsideration is reserved for "cases which fall into that narrow corridor" where the prior decision was "based upon a palpably incorrect or irrational basis," or the court failed to consider or appreciate "probative, competent evidence," or where a "litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have

provided on the first application."  D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

Similarly, a trial court's denial of relief from a judgment under Rule 4:50-1(f) "will be left undisturbed unless it represents a clear abuse of discretion."  In re Guardianship J.N.H., 172 N.J. 440, 473 (2002) (quoting Hous. Auth. v. Little, 135 N.J. 274, 283 (1994)).  Generally, relief under subsection (f) of Rule 4:50-1 is available only when "truly exceptional circumstances are present."  Ibid. (quoting Hous. Auth., 135 N.J. at 286).

Plaintiff sought relief from the trial court's grant of summary judgment to defendant and the court's denial of plaintiff's application to extend deadlines for serving expert reports and completing discovery.  The court did not abuse its discretion in denying reconsideration under Rule 4:49-2, because plaintiff did not demonstrate the court based its decision upon a palpably incorrect or irrational basis or failed to consider or appreciate probative, competent evidence.  The court did not abuse its discretion in denying reconsideration under Rule 4:50-1(f), because plaintiff did not establish truly exceptional circumstances. Rather, the case presented a not uncommon instance of a litigant missing multiple discovery deadlines.  The trial court acted well within its discretion in denying plaintiff's motion for relief from the summary judgment.

A-2470-17T1

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2470-17T1